UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**TIMOTHY J. TAYLOR**

                              **Plaintiff,**

                   **-v-**                                      **9:07-CV-1288**
                                                                     **(NAM/RFT)**

**NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES; D. EATON,
Senior Corrections Counselor, Gowanda Correctional
Facility; JACK FIX, Corrections Counselor, Gowanda
Correctional Facility; GEORGE PUNDT, Correctional
Counselor, Cayuga Correctional Facility; THOMAS
OBERG, Corrections Counselor, Cayuga Correctional
Facility; NANCY HULIHAN, Superintendent of Programs,
Oneida Correctional Facility; A. JOSLYN, Assistant Deputy
Superintendent of Programs, Oneida Correctional Facility,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Timothy J. Taylor
94-B-2378
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Christina L. Roberts-Ryba, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services ("DOCS"), brought this action under 42 U.S.C. § 1983, claiming various constitutional

deprivations in connection with his participation in DOCS Sex Offender Counseling and

Treatment Program ("SOCTP").  Defendants moved (Dkt. Nos. 50, 79, 95) for judgment dismissing the amended complaint (Dkt. No. 46).  Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Randolph F. Treece issued a Report and Recommendation (Dkt. No. 107) in which he recommends that defendants' motions be granted in part and denied in part.  Plaintiff has submitted an objection (Dkt. No. 111), as have defendants (Dkt. No. 112).  In view of the parties' objections, this Court conducts a *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Treece's Report and Recommendation sets forth the background of the case.  Magistrate Judge Treece also describes the settlement agreement in *Donhauser v. Goord* (Case No. 9:01-CV-1535, Dkt. No. 239), entered on October 17, 2008, a month after the amended complaint herein was filed on September 16, 2008.  Magistrate Judge Treece concludes that the settlement agreement in *Donhauser* "is binding on Plaintiff to the extent his claims are the same as those disposed of in *Donhauser*."  The Court agrees that plaintiff's claims to the effect that he was forced to admit to uncharged crimes are the same as those disposed of by the settlement agreement, and adopts Magistrate Judge Treece's recommendation that such claims be dismissed as moot.  These claims constitute a large proportion of the amended complaint.

Magistrate Judge Treece notes that plaintiff also asserts claims in the instant action that "are not entirely identical to those brought in *Donhauser*."  As to such claims, Magistrate Judge Treece recommends that dismissal be denied.  The Court agrees with this recommendation except with regard to plaintiff's allegations that he was required to implicate family members and to confess to crimes he did not commit.  As explained below, the Court dismisses any claims based on these allegations.

-2-

Plaintiff avers that as part of his participation in SOCTP, he was pressured to implicate family members in crimes in which they were not involved (for example, abusing him when he was a child), and that any statements plaintiff gave in response to the pressure were used "as ammunition to hurt and belittle" plaintiff.  He also avers that he was required to admit to crimes he did not commit.  Essentially the same allegations were contained in the second amended complaint in *Donhauser* and were resolved by the *Donhauser* settlement agreement.[1]  To the limited extent that the allegations plaintiff now asserts in this regard are not precisely the same as those in the *Donhauser* complaint, they were within its scope and within the scope of the settlement agreement.  The Court notes in particular that the settlement agreement specifies what the inmate must do to complete the program successfully, and under the wording of the settlement agreement, inmates are not required to fabricate confessions or falsely implicate family members in order to participate successfully in the program.  Rather, the settlement agreement specifies that for successful program participation the inmate "must openly and honestly discuss the behavior that resulted in [his] incarceration and referral to the program, demonstrate acceptance of responsibility for the conduct that resulted in [his] criminal conviction and demonstrate an understanding of [his] sexual offending behavior and cycle of abuse."  Any claims based on allegations regarding fabricated confessions, implication of family members, and similar allegations are precluded by virtue of the settlement agreement.

---

[1] For example, the second amended complaint in *Donhauser* (Case No. 9:01-CV-1535, Dkt. No. 13) alleged: that plaintiff wanted to "maintain his innocence during the program"; that in the program he would be "forced to admit to uncharged acts of sexual abuse with the alleged victim"; and that he "did not want to write out a personal history about his family" because "[his] family is not in prison why should [he] give personal information about [his] family['s] lives."  The second amended complaint also sought a declaration that the requirement that plaintiff provide a detailed sexual history violated the First and Fifth Amendments and an injunction against such a requirement.

Plaintiff complains that inmates who participate in SOCTP are not retained in that program at a rate equal to inmates in other programs, and that inmates incarcerated for sex offenses do not have a constitutionally-protected right to be granted parole at a rate equal to inmates who have been convicted of similarly serious crimes. To the extent that the complaint may be read to assert an equal protection cause of action, it is not subject to dismissal at this stage. Although sex offenders do not comprise a suspect or quasi-suspect class for equal protection purposes, the allegedly different treatment is subject to rational basis scrutiny, that is, it must be rationally related to a legitimate state interest. *See Ruggia v. Kozak*, 2008 WL 541290, *18 (N.D.N.Y. Feb. 25, 2008). Rational basis analysis cannot be conducted on this motion addressed to the pleadings.

Plaintiff complains that he was improperly removed from SOCTP and that there is no oversight of the counselors who determine whether someone should be removed from or re-admitted to SOCTP. The Court cannot determine at this point whether plaintiff exhausted these complaints or whether they support a cognizable cause of action, and they are not subject to dismissal at this time. The Court agrees with Magistrate Judge Treece that plaintiff's due process claim and his claim that he was retaliated against due to his participation in *Donhauser* cannot be dismissed at this point.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge Randolph F. Treece (Dkt. No. 107) is accepted in part and rejected in part; and it is further

ORDERED that defendants' motions to dismiss the amended complaint (Dkt. Nos. 50, 79, 95) are granted to the extent that the Court dismisses all claims based on the allegations that

plaintiff was forced to admit to uncharged crimes, to fabricate crimes, and to implicate family members in crimes which they did not commit, and similar allegations; and the motions are otherwise denied; and it is further,

ORDERED that this case is Deemed Trial Ready as of December 14, 2009.  The Parties are directed to file a Status Report on any outstanding issues, and the estimated length of trial. The status report shall be filed on or before November 9, 2009.

IT IS SO ORDERED.

October 29, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge